IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANNA PROKAY<br><br>                Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>                Defendant. | CIVIL ACTION NO.  22-4691 |

### ORDER

**AND NOW**, this 27th day of September 2023, upon full consideration and review of the Report and Recommendation ("R&R") of Magistrate Judge Carol Sandra Moore Wells, to which no objections have been filed, it is hereby **ORDERED** that:

1. The R&R [Doc. No. 18] is **APPROVED** and **ADOPTED**.[1]

2. Plaintiff's Request for Review is **GRANTED**. The case is remanded to the Commissioner of the Social Security Administration, so that the Administrative Law Judge can: (a) properly evaluate the opinion of Plaintiff's primary treating physician by addressing its consistency and supportability, and (b) reconcile any conflicting evidence by evaluating

---

[1] The Magistrate Judge issued a detailed and thorough R&R and concluded that remand is required because the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinion evidence of Plaintiff's treating physician, Dr. Lynne Booth. When evaluating medical opinions, an ALJ considers supportability, consistency, relationship with claimant, and specialization, among other factors. *See* 20 C.F.R. § 404.1520c(c). Supportability (how the source supports her opinion with evidence), and consistency (how consistent the source's opinion is with other evidence), must be addressed explicitly by the ALJ. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Dr. Booth provided opinions in March 2021 and June 2021 as to the effect of Plaintiff's seizures and cognitive impairments on her ability to work. The ALJ found the March 2021 opinion generally persuasive. By contrast, the ALJ found Dr. Booth's June 2021 opinion, which described more significant limitations on Plaintiff's ability to work, unpersuasive as internally contradictory and contradictory to the March 2021 opinion. R. 27–28. However, as discussed in the R&R, the ALJ failed to specifically address supportability and consistency when discrediting the June 2021 opinion, which was consistent with other evidence in the record. R&R at 10–11. Because the ALJ failed to provide an "explanation of reasoning" that included the required factors, the case must be remanded for further proceedings. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).

2

whether any opinions are consistent with each other and whether this amounts to substantial evidence, in favor or against, Plaintiff's claims.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**